**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

June 22, 2020

**BY ECF AND EMAIL**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street Room 1020
New York, New York 10007

**Re:**   *United States v. Valdez Simmons*
         **20 Cr. 294 (PKC)**

Dear Judge Castel,

    I respectfully write on behalf of my client, Valdez Simmons, to request that the Court permit access to the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York, pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).

    The unusual circumstances of the instant indictment—that the grand jury was sitting in White Plains as opposed to Manhattan, and most members of the public in the Southern District of New York were still under a stay-at-home order—may have compromised the defendants' right to a grand jury selected from a fair cross-section of the community.

    Section 1867(f) of Title 28 of the United States Code allows a defendant to "inspect, reproduce, and copy… records or papers [used by the commission or clerk in connection with the jury

Honorable P. Kevin Castel                                    Page 2
United States District Judge                              June 22, 2020

**Re:**   <u>*United States v. Valdez Simmons*</u>
         **20 Cr. 294 (PKC)**

selection process] at all reasonable times during the preparation and pendency of … a motion" to challenge the composition of the jury on the ground that it failed to reflect a fair cross-section of the community.  28 U.S.C. §§ 1867(a), (f); s*ee* *also Test v. United States*, 420 U.S. 28, 30 (1975).  Inspection of such materials is essential to a defendant's ability to determine whether he has a potentially meritorious challenge. *Id*.  Therefore, "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id.* (quoting 28 U.S.C. § 1861(d)).

In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise non-public jury selection records, a litigant need only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted).  Mr. Simmons is not required to make any showing with respect to probabilities of success of such a motion. *See, e.g.*, *United States v. Williamson*, 903 F.3d 124, 133 (D.C. Cir. 2018); *United States v. Royal*, 100 F. 3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation).

Pursuant to § 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier." *See* 28 U.S.C. § 1867(a). This motion for information has already been granted by Judge Broderick in *United States v. Saipov*, 17 Cr. 722 (VSB), 2020 WL 915808 (S.D.N.Y. Feb. 26, 2020). Similar motions are pending before Judge Liman (*United States v. Baker et. al*, 20 Cr. 288 (LJL)(conference scheduled for 6/30/20); Judge Failla, *United States v. Balde*, 20 Cr. 281(KPF); and Judge Pauley, *United States v. Williams*, 20 Cr. 286(WHP).  Accordingly, we ask the Court to

Honorable P. Kevin Castel                           Page 3
United States District Judge                        June 22, 2020

**Re:**   *United States v. Valdez Simmons*
          **20 Cr. 294 (PKC)**

grant this request for inspection of records. In support of this application, identifying the information we seek to obtain, is the declaration of statistician Jeffrey Martin. *See* Defense Exhibit A.

    Once the jury records are obtained, statistician Jeffrey Martin will analyze them to determine whether the Southern District's jury plan procedures violate the right of Mr. Simmons to a jury selected at random from a fair cross-section of the community. He will do so by comparing the grand jury records with appropriate contemporary census data. If the records, after meaningful review, reveal grounds for a challenge under §1867(a), the defendant will raise one at that time.

    Finally, Mr. Simmons does not seek any personal identifying information for the individuals whose records are maintained by the jury clerk's office. As such, the full set of records should be provided in the manner requested by the attached declaration of Mr. Martin. *See Saipov*, 2020 WL 915808 at *3 (granting a similar request in full).

                                          Respectfully submitted,

                                          /s/ Robert M. Baum
                                          Robert M. Baum
                                          Assistant Federal Defender


CC:   Josiah Pertz, Esq.
      Assistant United States Attorney