UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

                                            20 cr 294 (PKC)

     -against-                      ORDER SETTING FORTH
                                            STATEMENT OF REASONS FOR
                                            SENTENCE

VALDEZ SIMMONS,

                        Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        This brief Order is intended to summarize the reasons for the sentence imposed on Valdez Simmons. It should be read in the context of the complete transcript of the sentencing proceeding.

        At sentencing on December 14, 2021, the Court confirmed that:

        1.     The materials the Court had in hand were the only materials the parties thought it should have on the subject of sentencing.

        2.     The defendant had read, reviewed and discussed the revised Presentence Report ("PSR"), Addendum and Recommendation.

        3.     Neither side had any objections to the facts set forth in the PSR, whereupon the Court adopted the facts set forth in the PSR as the Court's Findings of Fact.

        4.     The Court agreed with the defendant, over the objection of the government and the recommendation of Probation, that defendant was in Total Offense Level 12, Criminal History Category V for a guidelines range of imprisonment of 27 to 33 months imprisonment.

5. The Court alerted the parties to its consideration of a sentence either above or below the advisory guidelines.

6. Defense counsel spoke on defendant's behalf and the defendant spoke on his own behalf.   The government also spoke.

The Court then announced a proposed sentence of 48 months imprisonment, 3 years supervised release, waiver of the fine based on limited assets and earning ability and a $100 special assessment and its reasons for that sentence.   Defense counsel and the government indicated that they had no legal objection to the sentence, or the reasons given for the sentence. Sentencing was then imposed, and the defendant informed of his right to appeal.

In sentencing defendant, the Court considered all of the written submissions and arguments of the parties, as well as their oral statements.  It considered all of the factors under section 3553(a).

The Court's reasons for the above Guideline sentence are as stated on the record at the time of sentencing.  They include the following: defendant's willful decision to possess and run down a city block with a .380 Kel-Tec model P-3AT pistol with ammunition and duck into an alley, the decision of defendant to rise in the alley and approach the police at a point in time when instructed by the police to get on the ground (this could have led to the discharge of police firearms in the direction of the defendant), the defendant's statement while in the process of being handcuffed that in words or substance he was just going to a fight,[1] the 19 or 20 prior criminal convictions some petty some not, the 14 judicial orders of protection issued against defendant and the defendant's statement to the examining psychiatrist on or about August 11, 2021 that he hears voices that "tell him to kill people and kill himself."

---

[1] The Court urges any reviewing Court to view the bodycam videos that are Exs. 7 and 8 to the government's sentencing submission.

The Court considered the entirety of defendant's oral and written arguments, including defendant's difficult upbringing (born to crack-addicted parents and raised in foster care where his sister was sexually abused), his serious mental health issues, including youthful suicide attempts, a diagnosis of bipolar disorder-manic and likely psychosis, and his Celiac disease.  The Court also considered the difficult conditions in which the defendant has been incarcerated from arrest through sentencing with pandemic related lockdowns, isolation and inadequate attention to his medical needs, including the failure to adequately accommodate his need for a gluten-free diet.

The Court considered the Sentencing Guidelines, Policy Statements, and Official Commentary of the United States Sentencing Commission.   It recognizes that the Guidelines are an important consideration in sentencing but they are advisory and that the Court has variance discretion.   The Guidelines protect against unwarranted sentencing disparities.   While the Court has often varied downward from the Guidelines, upward variances are rare.

An upward variance from the Guidelines is appropriate in this case for all of the reasons stated above.  While all section 3553(a) factors were considered, among those of special prominence are the need to protect the public from further crimes of this defendant and the need to provide the defendant with needed medical care for his mental health issues.

The sentence of 48 months imprisonment, 3 years supervised release, waiver of the fine and the $100 special assessment is, in this Court's view, sufficient but not greater than necessary to achieve the purposes of section 3553(a)

4

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 15, 2021